**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0844-23

LOIS HENRY,

    Plaintiff-Appellant,

v.

TOWNSHIP OF CRANFORD and
CRANFORD CONSERVATION
CENTER,

    Defendants-Respondents.

_____

Submitted October 28, 2024 – Decided November 15, 2024

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0640-22.

Lord, Kobrin, Alvarez & Fattell, LLC, attorneys for appellant (Craig J. Kobrin and Paula C. Nunes, on the briefs).

Savo, Schalk, Corsini, Warner, Gillespie, O'Grodnick & Fisher, PA, attorneys for respondents (Matthew R. Flynn, of counsel and on the brief).

PER CURIAM

In this slip-and-fall case, plaintiff Lois Henry appeals the trial court's order granting summary judgment and dismissing her complaint under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 ("TCA") against defendants Township of Cranford and the Cranford Conservation Center, and the court's subsequent denial of reconsideration. We affirm.

The underlying facts may be simply stated. On April 7, 2021, plaintiff arrived at the Cranford Conservation Center, a recycling facility owned and maintained by the Township. The Center provides a place for residents to dispose of their recycling and yard waste. It is staffed by part-time members of the Township's Department of Public Works ("DPW").

When visitors arrive at the site, they pass a small entrance building where employees are located, and then a paved driveway leads them to various box cars designated for different types of recycling. In front of the containers is a filler of mixed stones of varying shapes and sizes to prevent puddling and icy conditions from forming in front of the recycling containers that are not connected to the paved road.

Plaintiff tripped and fell returning to her car after dropping off recycling in one such box car. She described the incident as follows: "[O]n the way out I put my foot down and there are a lot of rocks and gravel there, and when I put

A-0844-23

my foot down . . . it twisted on—I stepped on a rock and my foot twisted . . . and I went right down on my knee."

Although other members of the public and a DPW employee were present when she fell, plaintiff did not interact with anyone and drove home on her own. Her spouse drove her to an urgent care facility, which diagnosed plaintiff with a fracture of her fifth metatarsal on her right foot. Plaintiff's spouse returned to the Center to take photographs of a box car like the one at which she tripped.

Plaintiff sued defendants under the TCA, contending the gravel and filler at the site comprised a dangerous condition of public property. The Director of the Township's DPW, Erik Hastrup, testified in his deposition that the filler was placed in front of the box car to avoid puddling and icy conditions. Hastrup stated he inspected the area whenever he visited, and that employees were there to keep things in order but that there were no scheduled inspections or specific regulations regarding the filler. He was unaware of any previous incidents at the location.

An employee on site at the time of the accident, Jeremy Slivinski, testified that he did not remember the incident and did not observe it. He further testified that he never received any complaints about the stone filler, and there had been

3

no other accidents he knew of, but that he was aware of some people losing their balance on the stones.

After discovery ended, defendants moved for summary judgment. On October 6, 2023, Judge John Hudak granted the motion and dismissed the complaint with prejudice after rendering an oral opinion. Plaintiff moved for reconsideration, which was denied in an order dated November 17, 2023.

On appeal, plaintiff argues the court erred in granting summary judgment. She contends there are genuine issues of material fact concerning various elements of dangerous condition liability under the TCA.

In considering plaintiff's appeal we adhere to well-established principles governing summary judgment practice and liability under the TCA. On a summary judgment motion, a court must view the motion record in a light most favorable to the non-moving party, here plaintiff. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528–29 (1995); see also R. 4:46-1 to -6. On appeal we apply the same perspective. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124–25 (2023). We review a grant of summary judgment de novo. Ibid.

As to the TCA, we are mindful "[t]he Legislature passed the TCA after this Court abolished the common law doctrine of sovereign immunity . . . ." Stewart v. N.J. Tpk. Auth., 249 N.J. 642, 655 (2022) (citing Vincitore ex rel.

Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 124 (2001)). "In doing so, the Legislature provided that public entities could be held liable for negligence 'within the limitations of [the TCA].'" Ibid. (alteration in original) (quoting N.J.S.A. 59:1-2). "[T]he 'guiding principle' of the [TCA] is 'that "immunity from tort liability is the general rule and liability is the exception."'" D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013).

Under the terms of the TCA, a public entity may be liable for a personal injury caused by the "dangerous condition" of its public property. N.J.S.A. 59:4-2. "The applicable standards for dangerous condition liability under the TCA are well established. To recover for an injury under the general liability section of the TCA, N.J.S.A. 59:4-2, a plaintiff must prove several elements." Estate of Massi v. Barr, 479 N.J. Super. 144, 156 (App. Div. 2024). The statute prescribes:

> A public entity is liable for injury caused by a condition of its property if the plaintiff establishes that [(1)] the property was in dangerous condition at the time of the injury, [(2)] that the injury was proximately caused by the dangerous condition, [(3)] that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and [(4)] that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or

A-0844-23

b. a public entity had <u>actual or constructive notice</u> of the dangerous condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.

Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not <u>palpably unreasonable</u>.

[N.J.S.A. 59:4-2 (emphases added).]

The TCA defines a dangerous condition of property as a condition that "creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." N.J.S.A. 59:4-1(a). A "substantial risk" is "one that is not minor, trivial or insignificant." <u>Kolitch v. Lindedahl</u>, 100 N.J. 485, 493 (1985) (quoting <u>Polyard v. Terry</u>, 160 N.J. Super. 497, 509 (App. Div. 1978)).

If it can be shown that public property is safe unless foreseeable users fail to exercise due care, there is no dangerous condition for purposes of the TCA. <u>Garrison v. Twp. or Middletown</u>, 154 N.J. 282, 290 (1998). Where the "physical characteristics" of the property would "reasonably notify prospective users that their proposed activity will be hazardous, then the plaintiff's engagement in that activity is not an exercise of due care under N.J.S.A. 59:4-1 and -2." <u>Estate of Massi</u>, 479 N.J. Super. at 158.

Proof of notice of the dangerous condition of the public property is also an essential element for premises liability under the TCA. Actual notice is proven if the public entity had "actual knowledge of the existence of the condition and knew or should have known of its dangerous character." N.J.S.A. 59:4-3(a). Alternatively, constructive notice is satisfied if the plaintiff shows "the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b); see, e.g., Chatman v. Hall, 128 N.J. 394, 418 (1992).

Beyond these requirements, dangerous condition liability under the TCA obligates a plaintiff to prove that the public entity's failure to protect against the danger was "palpably unreasonable." N.J.S.A. 59:4-2. The Supreme Court has explained "the term implies behavior that is patently unacceptable under any given circumstance." Kolitch, 100 N.J. at 493. "[I]t must be manifest and obvious that no prudent person would approve of [the public entity's] course of action or inaction." Ibid. (quoting Polyard, 148 N.J. Super. at 216); see also Gonzalez by Gonzalez v. City of Jersey City, 247 N.J. 551, 576 (2021). The burden of proving a public entity defendant acted in a palpably unreasonable

A-0844-23

manner is on the plaintiff.  <u>Coyne v. State Dep't of Transp.</u>, 182 N.J. 481, 493 (2005).

Applying these principles here and viewing the record in a light most favorable to plaintiff, we affirm the issuance of summary judgment, substantially for the sound reasons stated in the motion judge's oral opinion. Although plaintiff's injury is unfortunate, there are no genuine issues of material fact that reasonably could support defendants' liability under the required elements of the TCA.  Among other things, there were no previous reported accidents at the location or other sufficient proof of actual or constructive notice. The photos do not establish an actionable "dangerous condition" of public property.  There is no bona fide jury question on whether the Township's choice of surface outside of the container was so irrational and extreme to be found "palpably unreasonable" as required under the TCA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0844-23